# United States Tax Court

164 T.C. No. 3

ROBERT DONLAN, JR. AND KEGAN DONLAN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 16759-24.                     Filed February 19, 2025.

————

Ps filed a Petition using the Court's online petition generator. Petitions created using the online petition generator do not bear handwritten signatures. Instead, they have a block showing the typewritten name(s) and contact information for the petitioner(s).

The Commissioner filed a Motion to Dismiss for Lack of Jurisdiction, arguing that the Court lacks jurisdiction over this case because the Petition was not properly signed.

*Held*: A person's name on a signature block on a paper that the person authorized to be filed electronically constitutes the person's signature. Tax Ct. R. Prac. & P. 23(a)(3).

*Held, further*, the Court has jurisdiction over Ps' Petition.

————

Robert Donlan, Jr., and Kegan Donlan, pro sese.

*Grant S. Spicer* and *Heather L. Wolfe*, for respondent.

**Served 02/19/25**

OPINION

BUCH, *Judge*:  Pending before the Court is the Commissioner's Motion to Dismiss for Lack of Jurisdiction in which he alleges that the Donlans' Petition was not properly signed. Because the Tax Court Rules of Practice and Procedure[1] allow for electronic filing without a handwritten signature, we will deny the Commissioner's Motion.

*Background*

This case arises from a timely Petition filed in response to a Notice of Deficiency. The Commissioner mailed to the Donlans a Notice of Deficiency dated July 22, 2024. Ninety days from that date was October 20, 2024, a Sunday. The Notice of Deficiency stated that the last date to file a petition was October 21, 2024.

On October 21, 2024, Robert and Kegan Donlan electronically filed the Petition with the Court. They created their Petition using the Court's online petition generator. Both the cover page of the petition and the petition state "Electronically Filed" in the caption. Because the Donlans' Petition was computer generated, it did not bear handwritten signatures or facsimiles of handwritten signatures. Instead, a block at the bottom of the Petition set forth the typewritten names and contact information for each of the Donlans.

On December 3, 2024, the Commissioner filed an Answer and a Motion to Dismiss for Lack of Jurisdiction. In his Motion, the Commissioner argues that the "document filed as a petition in this case was not signed by either taxpayer to which the notice of deficiency for tax year 2024 was issued" and that "[t]he Tax Court does not have jurisdiction to review a petition unless it is signed by the taxpayer, or someone lawfully authorized to act as petitioner's counsel." The Court did not order the Donlans to respond to the Commissioner's Motion.

*Discussion*

The vast majority of taxpayers that petition the U.S. Tax Court represent themselves. Keith Fogg, *Statistics from the ABA Meeting*, Tax Notes (Feb. 5, 2024), https://www.taxnotes.com/procedurally-taxing/statistics-aba-meeting/2024/02/05/7j4t1. To ease this process, the Court

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

makes available on its website a "Petition (Simplified Form)," which is also included as Form 2 in the appendix to the Tax Court Rules of Practice and Procedure. U.S. Tax Court, Filing a Case in the United States Tax Court, https://ustaxcourt.gov/resources/forms/Petition_Simplified_Form_2.pdf (last visited Feb. 7, 2025). The form has a series of check boxes and questions that guide taxpayers or their representatives through the creation of a petition. The bottom of that form contains blocks for the taxpayer(s) or their counsel to sign.

On July 31, 2024, the Court released an online petition generator for use by pro se taxpayers. *See* U.S. Tax Court, DAWSON Release Notes, https://ustaxcourt.gov/release_notes.html (last visited Jan. 28, 2025).[2] A person electronically filing a petition is provided the opportunity to upload a completed petition or to create one by answering a series of questions and having DAWSON (the Court's efiling system) prepare it. *See* U.S. Tax Court, Self-Represented (Pro Se) Electronic Filing Instructions 13–18 (Dec. 2024), https://ustaxcourt.gov/resources/dawson/DAWSON_Petitioner_Training_Guide.pdf.[3]

Petitions created with the online petition generator are identical in all material respects to Form 2, but there are superficial differences. For example, Form 2 asks a taxpayer to "check the appropriate box(es) to show which IRS ACTION(S) you dispute." One of the boxes available to be checked is labeled "Notice of Deficiency." Similarly, the online petition generator asks the user "Did you receive a notice from the IRS?" and provides the user a dropdown menu from which to select the type of notice. *See* Self-Represented (Pro Se) Electronic Filing Instructions 19, *supra*. All other questions stated on Form 2 and printed on the petition created with the online petition generator are either identical or nearly identical in their wording.

But the resulting petitions look different. Continuing with the example of selecting the type of notice that was issued, Form 2 lists seven IRS notices with a checkbox for each, typically with a single box checked showing the type of notice the taxpayer received. In contrast, a petition created using the online petition generator does away with

---

[2] The Court released an online petition generator for use by practitioners on September 15, 2024. *See* DAWSON Release Notes, *supra*.

[3] The Electronic Filing Instructions are updated regularly. Prior versions are not available on the Court's website. For convenience, we will cite the current instructions; any changes from the prior instructions are not dispositive in resolving the present Motion.

empty boxes and merely lists the pertinent information, e.g., the type of notice selected by the taxpayer(s) when answering questions posed by the online petition generator. Thus, while the petitions look different, their substantive content is the same.

The signature block also looks different. A petition filed using Form 2 has a traditional signature block with a place for a handwritten signature. But a taxpayer cannot place a handwritten signature on a petition created with the online petition generator. Instead, the petition has a signature block without a signature. It states the names and contact information of each taxpayer, the same as Form 2. But it lacks a handwritten signature. Because the Donlans used the online petition generator, their Petition does not bear handwritten signatures.

Nonetheless, the Donlans' Petition was properly signed under the Tax Court Rules of Practice and Procedure. Like other courts, the Tax Court has specific rules allowing for electronic signatures.[4] Rule 34, which governs petitions, states in paragraph (e): "For the signature requirement of petitions filed electronically, see Rule 23(a)(3) and the Court's electronic filing instructions on the Court's website." In turn, Rule 23(a)(3) states: "A person's name on a signature block on a paper that the person authorized to be filed electronically, and that is so filed, constitutes the person's signature." Our analysis could end here. But further, the Self-Represented (Pro Se) Electronic Filing Instructions 42, *supra*, state: "If the document you are filing requires a signature: The combination of DAWSON username (email address) and password serves as the signature of the individual filing the document." The same page continues: "Documents that require a signature in addition to that of the eFiler, e.g. both spouses are petitioners: . . . If you chose to auto-generate a Petition in DAWSON and your spouse has authorized you to file an electronic petition, then the signature block on the petition auto-generated by DAWSON will serve as your spouse's signature." This latter instruction merely restates Rule 23(a)(3).

---

[4] *See, e.g.*, Fed. R. Civ. P. 5(d)(3)(C) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature."); Fed. R. App. P. 25(a)(2)(B)(iii) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature."). Likewise, as required by law, the Commissioner accepts electronic signatures. *See* I.R.C. § 6061(b)(1); Internal Revenue Manual 10.10.1 (Aug. 12, 2024) ("IRS Electronic Signature (e-Signature) Program").

*Conclusion*

The Court's Rules deem a taxpayer's name on a signature block of a document that the taxpayer authorized to be filed electronically to be the taxpayer's signature. Petitions created with the DAWSON online petition generator include each petitioning taxpayer's name as part of a signature block, thus satisfying this requirement. Because the Donlans' Petition was created with the Court's online petition generator, it is deemed to have been signed by both Mr. and Mrs. Donlan. Accordingly, we will deny the Commissioner's Motion to Dismiss for Lack of Jurisdiction.

In view of the foregoing,

*An appropriate order will be issued.*